UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Calisa Brown; Shantaysha Brown; Tia Brown; Andre Green; Keryl Mack; and Matthew Daniels,

    Plaintiffs,

-against-

The City of New York; and Christian J. Hoell, in his individual capacity;

    Defendants.

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL

CV 14 - 00819

CHEN, J.

REYES, M.J

SUMMONS ISSUED

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a).

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that, *inter alia*, the events giving rise to this claim took place in the Eastern District of New York.

## JURY DEMAND

5.  The Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## PARTIES

6.  Plaintiff SHANTAYSHA BROWN ("Shantaysha") is a resident of New York City. At the time of her arrest, Shantaysha, who is learning disabled, was working as a teacher's aide at Lillian L. Rashkis High School, which she was attending.

7.  Plaintiff TIA BROWN ("Tia") is a resident of New York City. Tia and Shantaysha are sisters.

8.  Plaintiff CALISA BROWN ("Calisa") is a resident of New York City. Calisa is Tia and Shantaysha's mother.

9.  Plaintiff MATTHEW DANIELS ("Matthew") is a resident of New York City. At the time of his arrest, Matthew was working as a messenger. Matthew is Shantaysha's and Tia's father.

10. Plaintiff ANDRE GREEN ("Andre") is a resident of New York City. Andre is Tia's boyfriend and the father of their two children.

11. Plaintiff KERYL MACK ("Keryl") is a resident of New York City. Keryl is Calisa's sister and Shantaysha's and Tia's Aunt.

12. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

13. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD,

together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

14. Defendant CHRISTIAN J. HOELL ("Officer Hoell") was a police officer employed by the NYPD who was at all relevant times herein acting in his capacity as agent, servant, and employee of the City.

15. Officer Hoell is sued in his individual capacities.

16. At all times relevant herein, Officer Hoell was acting under color of state law in the course and scope of his duties and functions as agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Officer Hoell was acting for and on behalf of the City at all times relevant herein with the power and authority vested in him as an officer, agent and employee of the City and incidental to the lawful pursuit of his duties as an officer, employee and agent of the City.

## STATEMENT OF FACTS

17. At approximately 6:30 in the morning of February 8, 2011, Officer Hoell, along with several other officers, entered the Apartment 1A, 68 Cumberland Walk, Brooklyn, New York (the "Apartment"), in which Plaintiffs Calisa Brown, Shantaysha Brown, Tia Brown, Andre Green and Keryl Mack lived.

18. The front door to the Apartment was broken down by several NYPD officers.

19. It is unknown to Plaintiffs wether or not Officer Hoell and the other officers entered

the Apartment pursuant to a search warrant.

20. The Apartment had six bedrooms.

21. A gun was recovered from under the mattress in one of the bedrooms. Calisa's son, Anthony Brown, was sleeping in that room when the police arrived and was charged with the possession of that gun.

22. During a search of Apartment, the police also recovered marijuana from a shelf in the closet in which Calisa Brown, was sleeping. They did not, however, find that marijuana until well after Calisa was handcuffed, as described below.

23. No other contraband was found anywhere else in the Apartment.

24. When the police entered the apartment, Shantaysha and Matthew were in Shantaysha's bedroom. Shantaysha was on her computer and Matthew, who did not live the apartment at the time, was watching television.

25. Notwithstanding the fact that there was nothing illegal in the room they were in or for that matter any common area of the Apartment, both Shantaysha and Matthew were arrested and brought to the NYPD's 88th Precinct.

26. While still in the apartment, Shantaysha was allowed to put on street clothes. However, she was made undress in the bathroom with the door to the bathroom open, leaving her fully exposed to male officers present in the apartment.

27. From the precinct, Shantaysha and Matthew were eventually transported to Central Booking. The office of the District Attorney of Kings County apparently declined to prosecute their cases and after more that 24 hours in police custody, each was released without seeing a judge.

28. When the police entered the apartment, Tia and Andre were in the bathroom together.

29. Tia and Andre shared a room, which the police also searched.

30. Notwithstanding the fact that there was nothing illegal in the bathroom, in their bedroom, or for that matter in any common area of the apartment, both Tia and Andre were also arrested and brought to the precinct.

31. After several hours in police custody, they were released from the precinct with no charges brought against them.

32. When the police entered the Apartment, Keryl was in her bedroom sleeping.

33. Notwithstanding the fact that there was nothing illegal in her bedroom, or for that matter in any common area of the Apartment, Keryl was also arrested and brought to the precinct.

34. After several hours in police custody, she was released from the precinct with no charges brought against her.

35. When the police entered the Apartment, Calisa was sleeping in her bed. She was thereafter handcuffed in her bedroom and brought to the living room.

36. The police did not find the marijuana in Calisa's room until after she was handcuffed and deprived of her liberty for a significant period of time. Calisa first heard mention of the marijuana when she was at the precinct.

37. When she was being placed in the police van to transport her to the precinct, Calisa was violently shoved into that van, causing injury to her head. On information and belief, based on the fact that he was Calisa's arresting officer, Officer Hoell, participated in this action.

38. Officer Hoell was the arresting officer or was otherwise involved in each of the plaintiffs' arrests.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983

39. All other paragraphs herein are incorporated by reference as though fully set forth.

40. In stopping, seizing, arresting, detaining and charging Plaintiffs, Officer Hoell engaged under color of law in the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures and false arrest and imprisonment.

### THIRD CAUSE OF ACTION
### Excessive Force under 42 U.S.C. § 1983

41. All other paragraphs herein are incorporated by reference as though fully set forth.

42. By the actions described above, Officer Hoell engaged under color of law in the violation of Plaintiff Calisa Browns rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from excessive force.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

43. All other paragraphs herein are incorporated by reference as though fully set forth.

44. Municipal liability for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

45. At all times material to this complaint, the defendant City, acting through the NYPD and Officer Hoell, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, the defendant City, acting through the NYPD

and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, Plaintiffs request that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiffs against the defendants, jointly and severally;

3. Award plaintiffs reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
February 5, 2014

Respectfully submitted,

Darius Wadia, L.L.C.
By: Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212/1216